IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MINNIE M. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 105-154 |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| LABOR: DEEOIC, et al., ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). On September 8, 2005, this Court ordered Plaintiff to amend her complaint to clarify her claims and to explain whether she had completed the necessary steps to have her claims reviewed in federal court. (See doc. no. 3). It is the amended complaint that is now before the Court for screening. (Doc. no. 3).

As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## I. BACKGROUND

According to Plaintiff's amended complaint, her late husband was an employee of a Department of Energy ("DOE") contractor who worked at a Savannah River Site, a DOE nuclear facility. Upon her husband's death, Plaintiff submitted a claim for survivor's benefits under the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA") based on her husband's "melastatic" lung cancer. Plaintiff alleges that in processing that claim, the Department of Labor ("DOL") submitted data to the National Institute for Occupational Safety for radiation dose reconstruction. Plaintiff maintains that the calculation determined that there was a 44.96% probability that her husband's cancer was caused by radiation exposure; however, under DOL regulations, the calculation must show at least a 50% probability before survivor's benefits are awarded under the EEOICPA. Plaintiff disagrees with the decision to deny her benefits claim and wants this Court to "take jurisdiction of this case" so that she can challenge the radiation dose reconstruction.

## II. DISCUSSION

Liberally construing Plaintiff's allegations and granting her the benefit of the reasonable inferences that may be derived from her amended complaint, the Court **FINDS** that Plaintiff has not alleged a proper jurisdictional basis to have her claims heard in federal court. The Court starts with the observation that Plaintiff's Statement of Claim is almost a verbatim recitation of the Statement of Claim from the original complaint and did not address any of the deficiencies noted by the Court in its September 8th Order directing her to file an amended complaint. In particular, Plaintiff fails to allege that she followed the

2

administrative procedures for obtaining a final decision as set forth in 20 C.F.R. § 30.0 *et seq.* such that she can demonstrate that this Court has jurisdiction to hear her claims.

Under 42 U.S.C. § 7385s-6:

> A person adversely affected or aggrieved by a final decision of the Secretary under this part may review that order in the United States district court in the district in which the injury was sustained, the employee lives, the survivor lives, or the District of Columbia, by filing in such court within 60 days after the date on which that final decision was issued a written petition praying that such decision be modified or set aside. The person shall also provide a copy of the petition to the Secretary. <u>Upon such filing, the court shall have jurisdiction over the proceeding and shall have the power to affirm, modify, or set aside, in whole or in part, such decision.</u> The court may modify or set aside such decision only if the court determines that such decision was arbitrary and capricious.

42 U.S.C. § 7385s-6(a) (emphasis added). Under applicable regulations, within sixty (60) days of the date a recommended decision on a claim for benefits under the EEOICPA is issued, a claimant must state in writing whether she objects to any of the findings of facts or conclusions of law, <u>including the reconstruction of the radiation dose to which the employee was exposed</u>, and whether a hearing is desired; this written statement must be filed with the Final Adjudication Branch ("FAB") at the address on the letter accompanying the recommended decision.[1] 20 C.F.R. § 30.310(a)(emphasis added); <u>see also</u> 20 C.F.R. § 30.300 (explaining that Office of Workers' Compensation Programs will issue recommended decision, which will then be forwarded to the FAB, which will consider objections, if any,

---

[1] Another regulation specifically states that if a claimant objects to the reconstruction of the radiation dose to which the employee was exposed, the FAB will evaluate the factual findings upon which the dose reconstruction was based, but the methodology used in arriving at reasonable estimates of the radiation doses received by an employee are binding on the FAB. 20 C.F.R. § 30.318(a), (b).

3

prior to issuing a final decision on claim). If the claimant objects to all or part of the recommended decision, the FAB reviewer will issue a final decision on the claim after a hearing, review of the written record, and/or completion of any necessary further development of the record. 29 C.F.R. § 30.316(b). The decision of the FAB is final upon the date of issuance of the decision, unless there is a timely request for reconsideration pursuant to 20 C.F.R. § 30.319. Id. §(d).

Here, the amended complaint states that Plaintiff filed an EEOICPA claim on January 8, 2002. Plaintiff also states that her late husband's radiation dose reconstruction was calculated at 44.96%, just below the 50% threshold for collecting benefits. However, other than the date of initiation of her claim for benefits, she provides no details about the dates of any of the administrative proceedings that occurred in the process of reaching the decision to deny her claim. Nor does Plaintiff claim that she made any of the necessary objections to the decision to deny her claim or that she timely commenced the current lawsuit within 60 days after a final decision may have been entered. In the absence of these allegations, this Court does not have jurisdiction over her claims.

In sum, the Court informed Plaintiff about pleading deficiencies in her original complaint and gave her an opportunity to cure those deficiencies in an amended complaint. That amended complaint again fails to demonstrate that the federal courts have jurisdiction over her claims, and therefore, this case should be dismissed.

### III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of November, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE